IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL MORA POLANCO, | No. 4:22-CV-00373 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH, *et al.*, | |
| Respondents. | |

# MEMORANDUM AND ORDER

**MARCH 16, 2022**

Petitioner Rafael Mora Polanco is serving a life sentence without the possibility of parole for first-degree murder. He is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania (SCI Huntingdon). Polanco filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2017 state-court conviction and sentence.[1] For the following reasons, the Court will require Polanco to show cause as to why his Section 2254 petition should not be dismissed as time-barred.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas

---

[1] Polanco initially filed his Section 2254 petition in the United States District Court for the Eastern District of Pennsylvania. *See* Doc. 2. That court promptly transferred Polanco's petition to this Court. *See* Doc. 5.

[2] This Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.

corpus relief in federal court.[3]  In most cases, and as appears to be relevant for Polanco's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[4]  The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[5]

Polanco was convicted by a jury of first-degree murder on February 6, 2017, and sentenced the same day to life imprisonment without parole.[6]  After rejection by the trial court of his post-sentence motions, Polanco timely appealed to the Superior Court of Pennsylvania.[7]  The Superior Court affirmed Polanco's conviction and sentence on February 13, 2018.[8]  Polanco did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania,[9] and thus his conviction became final on March 15, 2018, when the time for seeking such review expired.[10]

---

[3]  *See* 28 U.S.C. § 2244(d)(1).
[4]  *Id.* § 2244(d)(1)(A).
[5]  *Id.* § 2244(d)(2) (emphasis added).
[6]  *Commonwealth v. Polanco*, No. 990 MDA 2017, 2018 WL 831851, at *2 (Pa. Super. Ct. Feb. 13, 2018) (nonprecedential).
[7]  *Id.*
[8]  *Id.* at *1, 5.
[9]  *See Commonwealth v. Polanco*, 251 A.3d 1225, 2021 WL 929945, at *1 (Pa. Super. Ct. Mar. 11, 2021) (nonprecedential).
[10]  *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA

Polanco timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[11] on February 8, 2019.[12] However, by the time Polanco filed his PCRA petition (which initiated tolling of the one-year federal habeas limitations period), 330 days had already elapsed on his Section 2254 statute of limitations.[13] Polanco's PCRA petition was eventually denied by the PCRA court and that denial was affirmed by the Superior Court on March 11, 2021.[14] Polanco sought a petition for allowance of appeal with the Pennsylvania Supreme Court, but that petition was denied on September 8, 2021.[15]

Accordingly, Polanco's state PCRA process was completed and Section 2244(d)(2) tolling of his federal habeas limitations period ended on September 8, 2021, because the time for seeking *certiorari* in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.[16] As 330 days had already elapsed before Section 2244(d)(2) tolling became effective, Polanco appears to have had only 35 days remaining on his one-year clock—or until October 13, 2021—in which to file his

---

purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).

[11] 42 PA. CONS. STAT. § 9541 *et seq.* (Pennsylvania's corollary to federal habeas corpus relief).
[12] *See* Doc. 2-1 at 19 (*Commonwealth v. Polanco*, No. 2569-CR-2015 (Pa. Ct. Com. Pl. Luzerne Cnty., Jan. 9, 2020)).
[13] *See LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005).
[14] *See Polanco*, 2021 WL 929945, at *1, 4.
[15] *Commonwealth v. Polanco*, 262 A.3d 1255 (Pa. 2021) (table).
[16] *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007); *LaCava*, 398 F.3d at 274 (citing *Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)).

Section 2254 petition in federal court.[17] Polanco's petition, however, was signed and delivered to prison officials for mailing on February 10, 2022,[18] almost four months after the AEDPA's one-year statute of limitations appears to have expired.[19]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Polanco shall have **21 days**—that is, until **April 6, 2022**—to show cause as to why his petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time-barred under the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1).

2. The Clerk of Court is directed to serve the petition for writ of habeas corpus (Doc. 2) and this Memorandum and Order on the Attorney General of the Commonwealth of Pennsylvania.

3. Respondent shall have **14 days** following service of Polanco's show-cause response in which to reply to said response.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] *See LaCava*, 398 F.3d at 274.
[18] *See* Doc. 2 at 19.
[19] In his petition, Polanco repeatedly asks this Court to "stay and abey" federal habeas proceedings while he exhausts state remedies, but he does not explain why a stay-and-abey order should issue. *See, e.g., id.* at 8, 10, 11, 14, 15. As explained above, it appears that Polanco fully exhausted his state post-conviction remedies as of September 8, 2021.