## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL MORA POLANCO, | No. 4:22-CV-00373 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH, *et al.*, | |
| Respondents. | |

### MEMORANDUM OPINION

#### OCTOBER 28, 2022

Petitioner Rafael Mora Polanco is serving a life sentence without the possibility of parole for first-degree murder.  He is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania.  Polanco filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2017 state-court conviction and sentence.  But Polanco has filed his Section 2254 petition out of time and cannot establish a basis for tolling the statute of limitations, so the Court must dismiss his petition.

## I.    BACKGROUND

Polanco was convicted by a jury of first-degree murder on February 6, 2017, and sentenced the same day to life imprisonment without parole.[1]  After rejection by the trial court of his post-sentence motions, Polanco timely appealed to the

---

[1] *Commonwealth v. Polanco*, No. 990 MDA 2017, 2018 WL 831851, at *2 (Pa. Super. Ct. Feb. 13, 2018) (nonprecedential).

Superior Court of Pennsylvania.[2]  The Superior Court affirmed Polanco's
conviction and sentence on February 13, 2018.[3]  Polanco did not file a petition for
allowance of appeal with the Supreme Court of Pennsylvania,[4] and thus his
conviction became final on March 15, 2018, when the time for seeking such review
expired.[5]

Polanco timely filed a *pro se* petition under Pennsylvania's Post Conviction
Relief Act (PCRA)[6] on February 8, 2019.[7]  However, by the time Polanco had filed
this PCRA petition (initiating tolling of the one-year federal habeas limitations
period), 330 days had already elapsed on his Section 2254 statute of limitations.[8]
Polanco's PCRA petition was eventually denied by the PCRA court and that denial
was affirmed by the Superior Court on March 11, 2021.[9]  Polanco filed a petition
for allowance of appeal with the Pennsylvania Supreme Court, but that petition
was denied on September 8, 2021.[10]

---

[2]   *Id.*
[3]   *Id.* at *1, 5.
[4]   *See Commonwealth v. Polanco*, No. 290 MDA 2020, 2021 WL 929945, at *1 (Pa. Super. Ct. Mar. 11, 2021) (nonprecedential) (providing procedural history of case).
[5]   *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).
[6]   42 PA. CONS. STAT. § 9541 *et seq.* (Pennsylvania's corollary to federal habeas corpus relief).
[7]   *See* Doc. 2-1 at 19 (*Commonwealth v. Polanco*, No. 2569-CR-2015 (Pa. Ct. Com. Pl. Luzerne Cnty., Jan. 9, 2020)).
[8]   *See LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005).
[9]   *See Polanco*, 2021 WL 929945, at *1, 4.
[10]  *Commonwealth v. Polanco*, 262 A.3d 1255 (Pa. 2021) (table).

Polanco filed his Section 2254 petition in the United States District Court for the Eastern District of Pennsylvania on February 10, 2022, the date he avers that he signed and placed the petition in the prison mailing system.[11]  The Eastern District promptly transferred Polanco's Section 2254 petition to this Court.[12]  On March 14, 2022, after screening the petition, the Court issued an order to show cause as to why Polanco's petition should not be dismissed as time-barred under the statute of limitations provided in 28 U.S.C. § 2244(d)(1).[13]  Polanco filed his response on May 9, 2022,[14] and Respondents filed their reply on September 20, 2022.[15]

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[16]  In most cases, and as relevant for Polanco's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[17]  The AEDPA expressly provides for tolling of this limitations period when "a properly filed application for State post-conviction or

---

[11]  *See* Doc. 2 at 19; *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").
[12]  *See* Doc. 5.
[13]  Doc. 7 at 4 ¶ 1.
[14]  Doc. 12.
[15]  Doc. 16.
[16]  *See* 28 U.S.C. § 2244(d)(1).
[17]  *Id.* § 2244(d)(1)(A).

other collateral relief" for the at-issue judgment is "pending."[18]

As explained above, Polanco's state conviction and sentence became final on March 15, 2018—the last day on which Polanco could seek review by the Pennsylvania Supreme Court but failed to do so.  He timely filed his *pro se* PCRA petition 330 days later, which began tolling the AEDPA's one-year statute of limitations.  That tolling ended on September 8, 2021—when the Supreme Court of Pennsylvania denied his petition for allowance of appeal—because the time for seeking *certiorari* in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.[19]  Polanco thus had 35 days remaining on his AEDPA statute of limitations, but he did not file his Section 2254 petition until February 10, 2022— 120 days past the expiration of the limitations period.  Consequently, Polanco's federal habeas petition cannot be saved by statutory tolling under Section 2244(d)(2).  His petition, therefore, is time-barred unless he can establish some basis for equitable tolling.[20]

The AEDPA's statute of limitations is subject to equitable tolling.[21] Application of this doctrine, however, should be "sparing," occuring "only in the

---

[18]   *Id.* § 2244(d)(2).
[19]   *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007); *LaCava*, 398 F.3d at 274 (citing *Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)).
[20]   *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022).
[21]   *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).

rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[22]  To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[23]  The diligence required is "reasonable diligence," not "maximum feasible diligence."[24]  The extraordinary circumstance, or circumstances, must be "beyond [the petitioner's] control."[25]  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[26]

Polanco has not made this difficult showing.  He alleges, in conclusory fashion, that "he has been pursuing his rights diligently" and that "extraordinary circumstance[s]" stood in the way of timely filing his petition.[27]  According to Polanco, the extraordinary circumstances were (1) he had limited access to the prison law library "due to Covid-19 restrictions," thereby "hindering his research capabilities," and (2) state law prevented him from "proceeding to the Supreme Court of Pennsylvania pro se" because he was represented by appointed counsel.[28]

---

[22]  *Id.* (alteration in original) (quoting *LaCava*, 398 F.3d at 275) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).

[23]  *Holland*, 560 U.S. at 649 (citation omitted).

[24]  *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

[25]  *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 & n.2 (2016).

[26]  *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

[27]  Doc. 12 at 1.

[28]  Doc. 12-1 at 2-4.

Assuming that Polanco has been diligently pursuing his rights,[29] he has failed to show that an extraordinary circumstance prevented him from timely filing his Section 2254 petition.  In September and early October 2021, when Polanco's federal statute of limitations was nearing its expiration, COVID-19 had been a reality for prisoners and non-prisoners alike for approximately a year and a half. Neither the courts, the prison mailing system, nor the United States Postal Service shut down during the pandemic.  Polanco has not explained how limited access to the prison law library prevented him from filling out a form Section 2254 petition[30]—which does not require citation to legal authority or legal argument— and mailing it to the appropriate federal court to preserve his statute of limitations.

Polanco next contends that appointed counsel on direct appeal failed to seek review with the Pennsylvania Supreme Court and, because state law prohibits represented criminal defendants from filing documents *pro se*, he was prevented from filing a petition for review with the state supreme court on direct appeal. Polanco surmises that, had his appellate counsel properly sought review with the Pennsylvania Supreme Court, his AEDPA statute of limitations would not have started running until later, which would render his federal habeas petition timely.[31]

---

[29]  *See* Doc. 12 at 2.

[30]  *See, e.g.*, AO 241 "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," https://www.uscourts.gov/forms/civil-forms/petition-writ-habeas-corpus-under-28-usc-ss-2254 (last visited Oct. 27, 2022).

[31]  *See* Doc. 12-1 at 2, 4.

This argument is equally unavailing.  It is entirely speculative and does not establish an extraordinary circumstance outside Polanco's control that prevented him from timely filing his Section 2254 petition.  Even though a petition for allowance of appeal was not filed during Polanco's direct appeal, Polanco timely filed a *pro se* PCRA petition, tolling the AEDPA's statute of limitations.  The conduct (or, as Polanco alleges, misconduct) of direct-appeal counsel had no bearing on whether Polanco could have filed a federal habeas petition in the 35 days following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal.  In fact, nothing prevented Polanco from filing a protective Section 2254 petition in federal court *before* his PCRA proceedings concluded and asking the court to stay and abey the matter until his state remedies were exhausted.[32]  Instead, Polanco waited over five months to file his Section 2254 petition, missing the filing deadline by 120 days.[33]

In sum, Polanco's federal habeas petition is barred by the AEDPA's statute of limitations.  Polanco has not established a basis for tolling that would make his petition timely, so his Section 2254 petition must be dismissed.

---

[32]  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (explaining that prisoners can avoid predicament of expiration of AEDPA's statute of limitations while pursuing state remedies by simply "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted" (citation omitted)).

[33]  *See Martin*, 23 F.4th at 274-75 (noting that petitioner waiting four months to file a motion in state court for acceptance of late appeal "as within time" did not reflect "reasonable diligence").

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Polanco's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Polanco has failed to make a substantial showing of the denial of a constitutional right,[34] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[35]  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[34]   28 U.S.C. § 2253(c)(2).
[35]   _Slack v. McDaniel_, 529 U.S. 473, 484 (2000).